Michael E. Piston (P34568)
Attorney for the Plaintiff
Transnational Legal Services P.C.
1955 W. Hamlin Road, Suite 100
Rochester Hills, MI 48309
Ph: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| BROADGATE, INC., <br><br> Plaintiff <br><br> -against- <br><br> SECRETARY, DEPARTMENT OF LABOR <br><br> Defendant | **Case No.** <br><br> **COMPLAINT** |

### INTRODUCTION AND SUMMARY

1. This is an action under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., for review of the *Amended Decision and Order of the* Secretary, Department of Labor (DOL) of May 9, 2022 in ARB Case No. 2022-0009, Exhibit A at 1-12.

2. As will be shown, this decision was not in accordance with law in that it directly contravened Section 7 of the Administrative Procedure Act, 5 U.S.C. § 556(d), by relieving the Wage and Hour Administrator of the burden of proving that the Detroit District Director of the DOL's Wage and Hour Division was authorized to find that Broadgate, Inc. had failed to comply

1

with 20 C.F.R. § 655.734, despite the APA's unambiguous proviso that "except as otherwise provided by statute, the proponent of a rule or order has the burden of proof."

3   The decision was also not in accordance with law inasmuch as it was the result of an investigation which far exceeded the scope authorized by the Complaint filed by the aggrieved party in this matter, and accordingly greatly exceeded the authority of the Secretary to conduct such investigations as set forth in 8 U.S.C. § [§ 1182(n)(2)(A)](.).

4   Accordingly, the Secretary's decision to affirm the Administrative Law Judge's Decision and Order on Remand was not in accordance with law and so should be held unlawful and set aside.

## 5   DESCRIPTION OF THE PARTIES

6   Broadgate, Inc. (Broadgate) is a Michigan corporation with its principal place of business in the City of Troy, County of Oakland, State of Michigan.

7   The Secretary, Department of Labor, is the officer designated by Congress to enforce 8 U.S.C. § 1182(n). He resides for official purposes in the District of Columbia.

## BRIEF STATEMENT OF RELEVANT LAW

**8   8 U.S.C. § 1182(n) provides in relevant part that:**

**(1)** No alien may be admitted or provided status as an H-1B nonimmigrant in an occupational classification unless the employer has filed with the Secretary of Labor an application stating the following:

**(A)** The employer:

(i) is offering and will offer during the period of authorized employment to aliens admitted or provided status as an H-1B nonimmigrant wages that are at least--

**(I)** the actual wage level paid by the employer to all other individuals with similar experience and qualifications for the specific employment in question, or

**(II)** the prevailing wage level for the occupational classification in the area of employment, whichever is greater, based on the best information available as of the time of filing the application, and

      (ii)    **2**will provide working conditions for such a nonimmigrant that will not adversely affect the working conditions of workers similarly employ

      (iii)    **(B)]** There is not a strike or lockout in the course of a labor dispute in the occupational classification at the place of employment.

**(C )**The employer, at the time of filing the application--

(i) has provided notice of the filing under this paragraph to the bargaining representative (if any) of the employer's employees in the occupational classification and area for which aliens are sought, or

(ii) if there is no such bargaining representative, has provided notice of filing in occupational classification through such methods as physical posting in conspicuous locations at the place of employment or electronic notification to employees in the occupational classification for which H-1B nonimmigrants are sought.

…

**(2)**

**(A)]** Subject to paragraph (5)(A), the Secretary shall establish a process for the receipt, investigation, and disposition of complaints respecting a petitioner's failure to meet a condition specified in an application submitted under paragraph (1) or a petitioner's misrepresentation of material facts in such an application. … The Secretary shall conduct an investigation under this paragraph if there is reasonable cause to believe that such a failure or misrepresentation has occurred.

**(B)** Under such process, the Secretary shall provide, within 30 days after the date such a complaint is filed, for a determination as to whether or not a reasonable basis exists to make a finding described in subparagraph (C). If the Secretary determines that such a reasonable basis exists, the Secretary shall provide for notice of such determination to the interested parties and an opportunity for a hearing on the complaint, in accordance with section 556 of title 5, United States Code, within 60 days after the date of the determination. **212(n)(2)(C)(i) [1182(n)(2)(C)(i)]** If the Secretary finds, after notice and opportunity for a hearing, a failure to meet a condition of paragraph (1)(B), (1)(E), or (1)(F), a substantial failure to meet a condition of paragraph (1)(C), (1)(D), or (1)(G)(i)(I), or a misrepresentation of material fact in an application--

C)(i)(I) the Secretary shall notify the Attorney General of such finding and may, in addition, impose such other administrative remedies (including civil monetary penalties in an amount not to exceed $1,000 per violation) as the Secretary determines to be appropriate; and …

**(ii)** If the Secretary finds, after notice and opportunity for a hearing, a willful failure to meet a condition of paragraph (1), a willful misrepresentation of material fact in an application, or a violation of clause (iv) --

**(I)** the Secretary shall notify the Attorney General of such finding and may, in addition, impose such other administrative remedies (including civil monetary penalties in an amount not to exceed $5,000 per violation) as the Secretary determines to be appropriate; and

**(II)** the Attorney General shall not approve petitions filed with respect to that employer under section 204 or 214(c) during a period of at least 2 years for aliens to be employed by the employer.

…

**(G)**
**(i)** The Secretary of Labor may initiate an investigation of any employer that employs nonimmigrants described in section 101(a)(15)(H)(i)(b) [8 USCS § 1101(a)(15)(H)(i)(b)] if the Secretary of Labor has reasonable cause to believe that the employer is not in compliance with this subsection. In the case of an investigation under this clause, the Secretary of Labor (or the acting Secretary in the case of the absence of [or] disability of the Secretary of Labor) shall personally certify that reasonable cause exists and shall approve commencement of the investigation. The investigation may be initiated for reasons other than completeness and obvious inaccuracies by the employer in complying with this subsection.
**(ii)** If the Secretary of Labor receives specific credible information from a source who is likely to have knowledge of an employer's practices or employment conditions, or an employer's compliance with the employer's labor condition application under paragraph (1), and whose identity is known to the Secretary of Labor, and such information provides reasonable cause to believe that the employer has committed a willful failure to meet a condition of paragraph (1)(A), (1)(B), (1)(C), (1)(E), (1)(F), or (1)(G)(i)(I), has engaged in a pattern or practice of failures to meet such a condition, or has committed a substantial failure to meet such a condition that affects multiple employees, the Secretary of Labor may conduct an investigation into the alleged failure or failures. The Secretary of Labor may withhold the identity of the source from the employer, and the source's identity shall not be subject to disclosure under section 552 of title 5, United States Code.
**(iii)** The Secretary of Labor shall establish a procedure for any person desiring to provide to the Secretary of Labor information described in clause (ii) that may be used, in whole or in part, as the basis for the commencement of an investigation described in such clause, to provide the information in writing on a form developed and provided by the Secretary of Labor and completed by or on behalf of the person. The person may not be an officer or employee of the Department of Labor, unless the information satisfies the requirement of clause (iv)(II) (although an officer or employee of the Department of Labor may complete the form on behalf of the person).
**(iv)** Any investigation initiated or approved by the Secretary of Labor under clause (ii) shall be based on information that satisfies the requirements of such clause and that—
**(I)** originates from a source other than an officer or employee of the Department of Labor; or
**(II)** was lawfully obtained by the Secretary of Labor in the course of lawfully conducting another Department of Labor investigation under this Act of any other Act.
**(v)** The receipt by the Secretary of Labor of information submitted by an employer to the Attorney General or the Secretary of Labor for purposes of securing the employment of a

nonimmigrant described in section 101(a)(15)(H)(i)(b) [8 USCS § 1101(a)(15)(H)(i)(b)] shall not be considered a receipt of information for purposes of clause (ii).

**(vi)** No investigation described in clause (ii) (or hearing described in clause (viii) based on such investigation) may be conducted with respect to information about a failure to meet a condition described in clause (ii), unless the Secretary of Labor receives the information not later than 12 months after the date of the alleged failure.

**(vii)** The Secretary of Labor shall provide notice to an employer with respect to whom there is reasonable cause to initiate an investigation described in clauses [clause] (i) or (ii), prior to the commencement of an investigation under such clauses, of the intent to conduct an investigation. The notice shall be provided in such a manner, and shall contain sufficient detail, to permit the employer to respond to the allegations before an investigation is commenced. The Secretary of Labor is not required to comply with this clause if the Secretary of Labor determines that to do so would interfere with an effort by the Secretary of Labor to secure compliance by the employer with the requirements of this subsection. There shall be no judicial review of a determination by the Secretary of Labor under this clause.

**(viii)** An investigation under clauses (i) or (ii) may be conducted for a period of up to 60 days. If the Secretary of Labor determines after such an investigation that a reasonable basis exists to make a finding that the employer has committed a willful failure to meet a condition of paragraph (1)(A), (1)(B), (1)(C), (1)(E), (1)(F), or (1)(G)(i)(I), has engaged in a pattern or practice of failures to meet such a condition, or has committed a substantial failure to meet such a condition that affects multiple employees, the Secretary of Labor shall provide for notice of such determination to the interested parties and an opportunity for a hearing in accordance with section 556 of title 5, United States Code, within 120 days after the date of the determination. If such a hearing is requested, the Secretary of Labor shall make a finding concerning the matter by not later than 120 days after the date of the hearing.

## BRIEF STATEMENT OF RELEVANT FACTS

9   On November 29, 1990, the Immigration Act of 1990 (Act), Public Law 101-649, 104 Stat. 4978, was enacted into law.

10  This law included 8 U.S.C. § 1182(n) which established certain rules pertaining to employers' use of H-1B workers and authorized the Secretary of Labor to enforce them.

11  On October 22, 1991, the Department of Labor promulgated various regulations implementing that law, which, among other things, authorized the Administrator to make determinations as to whether the employers of H-1B nonimmigrants violated various provisions of 8 U.S.C. § 1182(n), e.g,, 20 C.F.R. §§ 655.800-.815.

12  The regulations also defined the term "Administrator" for the purposes of the same, as "the Administrator of the Wage and Hour Division, Employment Standards Administration, Department of Labor, and such authorized representatives as may be designated to perform any of the functions of the Administrator under subpart H or I of this part." 20 C.F.R. § 655.715.

13  On December 24, 2014, the Secretary of Labor delegated his authority to make determinations under 8 U.S.C. § 1182(n) to the Administrator of Wage and Hour Division (Administrator). Secretary's Order No. 01-2014, 79 Fed. Reg. 77,527 (December 24, 2014). Exhibit A at 37.

14  Some time thereafter, a nonimmigrant H-1B visa worker filed a complaint with the Wage and Hour Division (WHD) stating that he wasn't paid according to the terms of his contract during his employment with Broadgate. Exhibit A at 2.

15  As a result, the Detroit District Director of the WHD launched an investigation of Broadgate's compliance with Department of Labor regulations at 20 C.F.R. §§ 655.700-.760 (implementing various requirements of 8 U.S.C. § 1182(n)). *Id.*

16  As part of that investigation, on approximately July 2, 2018, Joseph Pilarz, Wage and Hour Investigator, send Broadgate a letter providing, in relevant part, that:

> Investigator Joseph Pilarz will visit your establishment on Monday July 2, 2018 to initiate this investigation.
> At that time Investigator Pilarz will need to meet with you or a designated representative to obtain current information about your company, its operations and to review documents as described below. The initial period covered by this investigation will be from 02/27/2017 to 02/26/2018.
> The following records must be available for inspection and copying at the time of our meeting. …
> 1. A copy of all public access documentation required by 20 CF.R. $ 655.760 including:
> (a) All Labor Condition Applications Form ETA 9035 and/or ETA 9035E) submitted to

the U.S. Department of Labor Employment and Training Administration (ETA) by your firm for the employment of H-1B workers during the designated investigative period;
(b) Documentation of the wage rate to be paid the H-1B worker;
(e) A full, clear, explanation of the system used to set the actual wage you paid for all occupations in which the 1-1-1 B workers were employed during the designated period;
(d) The documentation used to establish the prevailing wage for all occupations and all areas of employment in which the H-1B workers were employed during the designated period;
(e) A copy of the document(s) used to satisfy the notification requirements with respect to the employment of the H-1B workers; and
(f) A summary of benefits offered to U.S. workers in same occupation as H-1B workers;
(g) In the event of a change in corporate structure
(i)
Sworn statement by successor entity accepting all liabilities of predecessor entity;
(ii)
List of H-1B workers transferred to successor entity;
(iii)
Each affected LCA number and effective date;
(I) List of exempt H-1B worker(s);
(2) A summary of recruitment methods used and the time frames of the recruitment of U.S. Workers; and
(3) Documentation to show the manner used to demonstrate compliance with the non-displacement obligation (whether direct or indirect).
2. Please provide a list of individuals employed from 02/27/2017 to present (include: name, address, email, phone number, period employed, address or any worksites during period employed and LCA number applicable to any worksite of H1B workers). Provide the following documents (and any other documents requested) relevant to any Petition or LCA filing for; Kranthi Mogireddy (2011 --2017):
(a) A copy of the LCA(s) that was included as part of their H-1B visa application(s);
(b) A copy of each Petition for Nonimmigrant Worker (Form 1-129 and H Supplement) and subsequent INS or DHS-CIS (Dept. of Homeland Security, Citizenship and Immigration Services) Approval Form (1-797); any PERM/ green card petition filing.
(c) Copies of any Actual wage documentation, petition support letters, offer of employment, related employment agreements, emails, solicitations for placement, worksite notice, billable hours/invoices or related documents.
(d) Payment registers and timesheets showing actual hours of work, actual rate of pay, and
gross earnings, computed or paid for each week employed (including "Per Diem", bonuses and any other payments or fees [eg. 1-40, premium processing, H4, etc])
Copies of cancelled checks or other bank document con finning payment and cashing of pay/earnings;
(e) An explanation of any fees paid or deductions made from their weekly wages or any unpaid periods, including any supporting documentation (i.e. vacation requests,

    personnel memos, written authorizations for loans or salary advances, etc);
(f) Copies of any termination notices to the workers or the workers' resignation notices to your firm;
(g) Copies of any termination notice to ETA/INS/USCIS and the INS/USC IS response.
(h) Documentation of return travel offer/payments.
(i) Any liquidated damages or penalties sought or collected from workers, including relevant contracts, demands, lawsuits, and settlement agreements

    Exhibit A at 80-81.

17. According to Investigator Pilarz, it was a routine procedure for him to request to review all of the Public Access Files of a company under investigation for violations of any DOL regulations pertaining to H-1B workers. Exhibit A at 62.

18. Investigator Pilarz further stated that he had been trained to make such requests. *Id.*

19. On December 28, 2018, the Director of the Detroit Wage and Hour Division of the DOL made a determination that Broadgate had violated the Act and Regulations. Exhibit A at 85-90.

20. The Director ordered Broadgate to pay back wages to the H-1B worker, assessed civil money penalties for several of the charged violations, and stated that:

> The U.S. Department of Labor's Employment and Training Administration (ETA) and the Department of Homeland Security (DHS) shall be notified of this violation, when this determination becomes final. See 20 C.F.R. § 655.855(a). DHS (formerly the Attorney General), upon notification, is required to deny any petitions filed by your business under 8 U.S.C. § 1154 and § 1184(c) for a prescribed period of time beginning on the date of receipt of the notification. See 20 C.F.R. § 655.855(c). Upon receipt of the notification, ETA will be required to invalidate any pending LCA(s) (with respect to future hires) and not accept for filing any new applications
> or attestations submitted under the Department's permanent or temporary labor certification programs for the period of time specified by OHS. See_20 C.FR. § 655.855.

    Exhibit A at 86.

21  Broadgate requested a hearing before the Office of Administrative Law Judges (OALJ) and disputed all violations alleged and remedies sought by the Director. Exhibit A at 16.

22  A hearing was held before an Administrative Law Judge (ALJ) on May 21-22, 2019 in a case referred to as In the Matter of: ADMINISTRATOR, WAGE AND HOUR DIVISION v. BROADGATE, INC., Case. No. 2019-LCA-13. Exhibit A at 17.

23  On August 7, 2017 The ALJ issued a Decision and Order in said matter finding that Broadgate willfully failed to post notices of the filing of labor condition applications as required by 20 C.F.R. 655.734 at some locations in which it employed H-1B workers. Exhibit A at 29.

24  Nevertheless, the ALJ issued a Decision and Order reversing the Administrator's Determination because he found that the WHD failed to establish that the Detroit District Director was delegated or re-delegated the authority required to issue the Administrator's Determination. Exhibit A at 52-55.

25  The Administrator then petitioned the Department's Administrative Review Board (ARB) to review the ALJ'S Decision and Order. Exhibit A at 92.

26  On April 20, 2021, the ARB issued in Case No. 2019-0079, a DECISION AND ORDER AFFIRMING IN PART AND REVERSING AND REMANDING IN PART the Decision of the ALJ. Exhibit A at 91-110.

27  This Decision, among other things, reversed the ALJ's decision dismissing the above referenced portion of the District Director's determination, and remanded the matter to the ALJ to set the amount of the civil penalties to be imposed upon Broadgate due to this violation. Exhibit A at 110.

28  On October 18, 2021, the ALJ issued a Decision and Order on Remand, finding in relevant part that the Administrator proved by a preponderance of evidence that Broadgate willfully failed to provide notice of the filing of LCAs as required by 20 C.F.R. § 655.734 on 14 occasions. Exhibit A at 111-121.

29  As a consequence, the ALJ ordered Broadgate to pay $59,904 in civil money penalties and to notify the Department of Homeland Security that Broadgate is to be disqualified from approval of any petitions filed by, or on behalf of, Broadgate pursuant to sections 204 or 214(c) of the Immigration and Nationality Act for at least the next 2 years.  Exhibit A at 117-118.

30  Broadgate petitioned the Administrative Review Board to review this decision. Exhibit A at 2.

31  Broadgate argued on review that the WHD's investigation exceeded the scope authorized by the Complaint filed by the aggrieved party in this matter, and accordingly exceeded the authority of the Secretary to conduct such investigations as set forth in 8 U.S.C. § § 1182(n)(2)(A). Exhibit A at 9.

32   Nevertheless, the ARB rejected Broadgate's arguments and upheld the ALJ's decision. Decision. Exhibit A at 10-11.

## CAUSE OF ACTION

### I.  THE ARB ERRED AS A MATTER OF LAW IN FINDING THAT THE ADMINISTRATOR DID NOT HAVE THE BURDEN OF PROVING THAT SHE ACTUALLY MADE A DETERMINATION

33  The ARB's decision reversing the decision of the Administrative Law Judge dismissing the purported determination of the Administrator that Broadgate violated 20 C.F.R. §

655.734(a)(1), because it held that the ALJ improperly failed to apply the presumption of regularity, was not in accordance with law.

34 DOL rules pertaining to the enforcement of regulations governing the employment of H-1B workers only authorize the "Administrator" to assess civil money penalties for violation of these regulations. 20 C.F.R. § 655.810(b), and accordingly, to debar employers from filing visa petitions for certain periods. 20 C.F.R. § 655.855.

35 The assessment of civil money penalties against Broadgate was made by the District Director of the Detroit WHA. Exhibit A at 93.

36 Inasmuch as DOL regulations define "Administrator" to mean "the Administrator of the Wage and Hour Division, Employment Standards Administration, Department of Labor, and such *authorized* representatives as may be designated to perform any of the functions of the Administrator under subpart H or I of this part", 20 C.F.R. § 655.715 (emphasis added), for those penalties to be considered properly assessed, the Detroit District Director must have been authorized by the Administrator to make those assessments.

37 The ALJ found, and the ARB did not dispute, that the record contains no evidence that the Director was in fact so authorized by the Administrator. Exhibit A at 54.

38 Further, the ALJ held, and the ARB did not dispute, that the Administrator abandoned any argument that she did not have the burden of proving the Director's authorization. *Id.*

39 The ALJ further held, and the ARB again did not dispute, that the Administrator's purported determination was subject to the requirements of the Administrative Procedure Act, 5 USC, Pt. I, Ch. 5, Subch. II, and that 5 U.S.C. § 556(d) provides in relevant part that "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof." Exhbit A at 36, nt. 83.

40 The ARB's decision did not claim that any statute provided that the Administrator, as the proponent of an order from the ALJ affirming the Director's determination, did not have the burden of proof.

41  Accordingly, the ARB's finding that the Director satisfied the burden of proving that she actually made the determination was not in accordance with law.

42  In particular, the ARB made no finding that the "presumption of regularity" was provided by statute.

43  Nevertheless, it relied upon this presumption to find that the Detroit District Director had been properly authorized by the Administrator to issue the determination she asked the ALJ to affirm. Exhibit A at 102.

44  However, inasmuch as the presumption of regularity is not "provided by statute," it cannot change the general rule that, in actions under the APA "the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d). *Accord Glen Coal Co. v. Seals*, 147 F.3d 502, 510 (6th Cir. 1998) ("Department of Labor Administrative Law Judges cannot formulate additional presumptions which allocate the burden of proof in a manner that is in conflict with the APA.") citing *Director v. Greenwich Collieries*, 512 U.S. 267, 276 (1994).

45. While the ARB held that this rule did not apply because "resolution as to whether the Detroit District Director was delegated or re-delegated the authority to issue the Administrator's Determination does not affect the Administrator's obligation to prove the underlying substantive claims", it offered no explanation as to why this would be the case, particularly where, as here, the regulation which the Administrator asked the ALJ to enforce provided that "[t]he Administrator, through investigation, shall determine whether an H-1B employer has-- … (5) Failed to provide notice of the filing of the labor condition application, as required in §655.734", thus showing that it was an element of the regulation that the Administrator was asking the ALJ to enforce that she actually made a determination[1].

---

[1] Which she of course didn't if she didn't delegate her authority to make such determinations to the Detroit District Director. 20 C.F.R. § 655.715.

46. Just as importantly, the ARB entirely disregarded the fact that the ALJ expressly held that the Administrator abandoned any argument that she did not have the burden of proving the Director's authorization, Exhibit A at 54, a finding which the Administrator did not even challenge on appeal. Exhibit A at 133-168.

47. The Supreme Court "understands the APA's unadorned reference to 'burden of proof' to refer to the burden of persuasion." *Director v. Greenwich Collieries*, 512 U.S. 267, 276 (1994).

48. The burden of persuasion is the burden "to persuade the factfinder that one's propositions of fact are indeed true" (citing Black's Law Dictionary 190 (7th ed. 1999). *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 271 (3d Cir. 2012).

49. Accordingly, the Administrator had the burden of proving to the ALJ that it was in fact true that the Administrator, as defined in 20 C.F.R. § 655.715, that is, a person authorized by the Administrator, issued the determination that Broadgate violated § 655.734.

50. The ARB's reliance on a judicially created presumption of regularity to relieve the Administrator of the burden of persuasion on the issue of the Director's authorization to make determinations that an H-1B employer has violated 20 C.F.R. § 655.734 is therefore contrary to the Administrative Procedure Act, the law of the Supreme Court and that of the 6th Circuit. *See Glen Coal Co. v. Seals*, 147 F.3d 502, 514 (6th Cir. 1998).

II.  THE ADMINISTRATOR'S INVESTIGATION OF BROADGATE'S FAILURE TO POST NOTICES AT ITS EMPLOYEES' WORK LOCATIONS WAS WELL IN EXCESS OF ITS STATUTORYAUTHORITY

49. 8 U.S.C. § 1182(n)(2)(A), the provision of law which authorizes the Department of Labor to investigate complaints that employers failed to comply with regulations pertaining to their H-1B workers, does not give the Department "unlimited discretion to investigate such complaints and

authorize a comprehensive initial investigation of the employer and its general compliance".

*Greater Mo. Med. Pro-Care Providers, Inc. v. Perez*, 812 F.3d 1132, 1139 (8th Cir. 2015).

50. However, that is precisely what the Department of Labor did in this case.

51. Despite receiving a complaint from just one employee who merely claimed that Broadgate failed to pay him according to the terms of his contract, Exhibit A at 2, the Detroit District Director of the Wage and Hour Division (WHD) nevertheless immediately launched a comprehensive initial investigation of Broadgate and its general compliance.

53. For example, as Detroit WHD's first step in the investigation of Broadgate, Joseph Pilarz, a Wage and Hour Division Investigator in that office, immediately sent Broadgate the letter described in paragragh 16, *supra,* in which he requested information relating to every conceivable violation of Department of Labor regulations that might be committed regarding every single H-1B employee. Exhibit A at 80-81

54. Further, Mr. Pilarz testified that he had been trained to routinely request all Public Access Files when investigating any complaint.[2] Exhibit A at 62.

55. Had Mr. Pilarz limited his investigation to the complained of failure of Broadgate to pay the wages promised to Mr. Mogireddy it would have had no need to review the public access files of other employees and no reason to charge Broadgate with failure to post the required notices at their place of employment.

56. Thus all of the violations assessed in this matter were based upon an investigation which greatly exceeded the Secretary's authority and so should be rejected. *Greater Mo.,* 812 F.3d at 1141 ("Because the ARB's findings of violations and the resulting awards were based entirely on the Secretary's unauthorized investigation of matters other than the allegation GMM penalized Arat for quitting before her contract ran out, the awards cannot stand.").

---

[2]

57. Accordingly, the ALJ erred in finding that Broadgate violated 20 C.F.R. § 655.805(a)(5) inasmuch as the Administrator had no authority to even investigate such a violation.

## REQUEST FOR RELIEF

WHEREFORE it is respectfully requested that this Court find that the decision of the ARB reversing the Administrative Law Judge in this matter was not in accordance with law, find it unlawful and set it aside.

Respectfully Submitted this   day of July, 2022

/s/ *Michael E. Piston*

Michael E. Piston (P34568)
Attorney for the Plaintiff
Transnational Legal Services P.C.
1955 W. Hamlin Road, Suite 100
Rochester Hills, MI 48309
Ph: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com