Michael E. Piston (P34568)
Attorney for the Plaintiff
Transnational Legal Services P.C.
1955 W. Hamlin Road, Suite 100
Rochester Hills, MI 48309
Ph: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| BROADGATE, INC., <br><br> Plaintiff <br><br> -against- <br><br> SECRETARY, DEPARTMENT OF LABOR <br><br> Defendant | 2:22−cv−11593−LJM−KGA <br> District Judge Laurie J. Michelson <br><br> BROADGATE'S REPLY TO DEFENDANT'S OPPOSITON TO ITS MOTION TO FOR INJUNCTION PENDING APPEAL |

### I.   LEGAL STANDARD

The government quotes the Sixth Circuit as saying "'a party seeking a stay [or injunction pending appeal] must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal.'" ECF No. 24,

1

PageID.1959, quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 159 (6th Cir. 1991). However, there the court was discussing what the legal standard was in a motion for stay to the court of appeals, not a district court. *Id.* at 152.[1] Further, application of this standard to motions to stay before the district court would make Rule 62(d) a nullity, since if a district court actually thought a movant was likely to win on appeal, it would be the court's duty to reconsider its decision, thus mooting the necessity for an injunction. "It is unlikely that a district court would ever be able to find that [the appealing party] will be likely to succeed on the merits of their appeal. To make such a finding, the district court would be saying that it erred in not [ruling in the appellant's favor] and that the court of appeals is likely to

---

[1] *Griepentrog* did note that the Supreme Court observed in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), that the factors are the same under Fed. R. Civ. P. 62(c) and under Fed. R. App. P. 8(a). But inasmuch as the actual holding of this case was that "a court making an initial custody determination under Rule 23(c) should be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case", *Id* at 777, this comment was *dicta*. Nor was the question of whether the standards were different ever actually addressed. "'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'" *Cooper Indus. v. Aviall Servs.*, 543 U.S. 157, 170 (2004) quoting *Webster* v. *Fall,* 266 U.S. 507, 511 (1925). Here the Supreme Court appears to simply have assumed that the two standards were identical rather than engaged in analysis.

reverse its decision." *C.B.S. Emps. Fed. Credit Union v. Donaldson Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 309 (W.D. Tenn. 1989). "Reference to the general rules of construction suggests that any interpretation which makes a federal rule superfluous is to be avoided." (citation omitted). *In re Tetracycline Cases*, 107 F.R.D. 719, 727 (W.D. Mo. 1985). *Accord*, *Rivera v. Parker*, No. 1:20-CV-3210-SCJ, 2021 U.S. Dist. LEXIS 137237, at *5 (N.D. Ga. May 4, 2021).

Therefore, this Court should grant a stay if Broadgate shows that its appeal will raise serious questions going to the merits, and otherwise meets the standard for an injunction.

II. BROADGATE WILL PRESENT AT LEAST SERIOUS LEGAL QUESTIONS REGARDING THE MERITS ON APPEAL

A. Broadgate will raise a serious legal question on appeal as to whether the presumption of regularity, as applied by the ARB, is contrary to the APA and *Greenwich Colliers*

In its motion, Broadgate stated that it will argue on appeal that the Court erred in holding that the decision of the Department of Labor's Administrative Review Board (ARB) "was in accordance with law", ECF No. 21, PageID.1905, despite the fact that the Court held that 5 U.S.C. § 556(d) placed the "burden of persuasion" on the Wage and Hour

3

Administrator (the Administrator), ECF No. 21, PageID.1910, and did not dispute that the District Director's authority was an "'express element' of the Department's enforcement action." ECF No. 21, PageID.1911, ECF No. 23, PageID.1934-1935.

In its response, the government agrees with the Court that *Director v. Greenwich Collieries*, 512 U.S. 267 (1994) allows application of the presumption of regularity in APA cases because it merely shifts the burden of production, not persuasion. But this conclusion all but ignores the actual holding of *Greenwich Colleries*, a holding which speaks directly and unequivocally to the very issue in this case.

The Court begins its discussion by squarely defining the exact issue it is deciding:

> In adjudicating benefits claims under the Black Lung Benefits Act (BLBA), 83 Stat. 792, as amended, 30 U.S.C. § 901 *et seq.* (1988 ed. and Supp. IV), and the Longshore and Harbor Workers' Compensation Act (LHWCA), 44 Stat. 1424, as amended, 33 U.S.C. § 901 *et seq.*, the Department of Labor applies what it calls the "true doubt" rule. This rule essentially shifts the burden of persuasion to the party opposing the benefits claim -- when the evidence is evenly balanced, the benefits claimant wins. This litigation presents the question whether the rule is consistent with § 7(c) of the Administrative Procedure Act (APA), which states that "except as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d).

4

>   *Greenwich Collieries*, 512 U.S. at 269

And in the penultimate paragraph of the opinion it states, with admirable precision, its resolution of this issue:

> Under the Department's true doubt rule, when the evidence is evenly balanced the claimant wins. Under § 7(c), however, when the evidence is evenly balanced, the benefits claimant must lose. Accordingly, we hold that the true doubt rule violates § 7(c) of the APA.

*Id. at* 281.

It is difficult to imagine a case which so directly addresses the issue in this one. Here, the ALJ found the evidence evenly balanced, inasmuch as neither party provided even some evidence of the Director's authorization or lack thereof. ECF No. 6-1, PageID.256 & 276 ¶¶ 52, 53. And although there was no "benefit claimant" in this proceeding, the Court clearly meant by that term to refer to the proponent of the order, in this case the Administrator. Thus, inserting the facts of this case into the legal holding (not *dicta* – the actual holding itself) of *Greenwich Colleries*, one arrives at the following:

>   Applying the presumption of regularity to the facts of this case, the ARB held that when the evidence is evenly balanced the Administrator  wins, even if she is the proponent of the order.  Under §

5

7(c), however, when the evidence is evenly balanced, the proponent of the order must lose. Accordingly, the presumption of regularity, at least as applied here by the ARB, violates § 7(c) of the APA, 5 U.S.C. § 556(d).

In short, *Greenwich Colleries* holds squarely that where the evidence is equally balanced, the party with the burden of persuasion, that is, the proponent of the order, must lose, and a non-statutory presumption cannot be applied to change that outcome. Therefore, this Court's ruling appears directly contrary to an unequivocal holding of the Supreme Court. This certainly, at the very least, raises a serious legal question as to whether it was correct.

B. Broadgate will raise a serious legal question on appeal as to whether the Director had reasonable cause to review the public access files of employees other than the aggrieved party

The government, while conceding that "it may well be correct" that merely checking a box is not substantial evidence of the truth of the assertions associated with it, goes on to state that:

> neither WHD nor the Secretary has ever contended that the check-box in Mogireddy's complaint, by itself, constituted substantial evidence that Broadgate committed wage violations. Rather, the ARB reasonably concluded that this allegation, together with the additional narrative information Mogireddy provided, constituted *reasonable cause* for WHD to *initiate an investigation* into whether Broadgate had failed to pay him the greater of the prevailing or actual wage

6

ECF No. 24, PageID.1966

There are only two problems with this statement – it is legally, and factually, incorrect.

    1. There is no reasonable cause for a decision unsupported by substantial evidence.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cross Mountain Coal, Inc. v. Ward* 93 F.3d 211, 215-16 (6th Cir. 1996). How exactly could someone be found to have "reasonable cause" for a conclusion if he does not have "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"? Surely a prerequisite of "reasonable cause" is that it at least be based upon evidence satisfactory to a "reasonable mind". That is, it must be "substantial evidence", and the government agrees that this may well not include the statements associated with a checked box.

    2. The additional narrative information Mr. Mogireddy provided offered no cause for believing that evidence relevant to his claim could be found in the public access file of other workers.

It is all too telling that the government doesn't quote any of the additional narrative information it claims Mr. Mogireddy provided

7

which constituted reasonable cause for WHD to initiate an investigation into whether Broadgate had failed to pay him the greater of the prevailing or actual wage. That is because no such information exists. Mr. Mogireddy's narrative merely described at length, and provided supporting evidence, as to why he believed that Broadgate didn't pay him what it had agreed to. ECF No. 17-1, PageID.1816-23. What other workers were paid, or even the prevailing wage for their positions (much less whether notices were placed at their worksites) were of no concern to him.

Accordingly, it is both legally incorrect that a mere check in a box provided the Director with reasonable cause to review the public access files of other H-1B workers who had nothing to do with Mr. Mogireddy's complaint and factually incorrect that the Director had any evidence at all from the complainant beyond that check mark suggesting that those files might have evidence relevant to his complaint.

III. BROADGATE WILL SUFFER IRREPARABLE LOSS OF INCOME IF THE SECRETARY'S DECISION ISN'T STAYED ON APPEAL

In response to the objections of the government and the Order of this Court, Broadgate provides herewith a letter from an end-client,

Exhibit B, confirming that it is still interested in contracting for the services of seven of the beneficiaries of petitions filed by Broadgate for rates well in excess of what Broadgate has contracted to pay them, Exhibit C, for an estimated profit to Broadgate of some $14,000 per month. Exhibit D[2]. Broadgate also submits evidence that it has been attempting to mitigate these losses by regularly advertising for replacement workers on its website without result. Exhibit E. These notices may be viewed online here:

http://www.broadgateinc.com/jobs_in_usa.php.

As discussed, the financial losses to Broadgate are amounts which are unrecoupable due to the DOL's sovereign immunity, and therefore constitute quite literally irreparable harm. Inasmuch as it is hardly unusual for appeals to the Sixth Circuit to take a year or more, Broadgae is certainly looking at loses of well more than $100,000.

IV. BECAUSE IT IS UNRECOUPABLE, THE HARM TO BROADGATE STRONGLY OUTWEIGHS ANY POTENTIAL HARM TO THE AGENCY OR THE PUBLIC INTEREST.

---

[2] The fee receipts showing that petitions pertaining to these potential employees have been filed with USCIS are attached as Exhibit F.

While there undoubtedly is a public interest in the enforcement of agency regulations, when complied with by the agency itself, the key difference between the harm claimed by the government is that the losses which will be suffered by Broadgate are unrecoupable, whereas the government can always enforce its penalties in full if it prevails in its appeal[3]. The government has not claimed, much less shown that any purported harm to it will be irreparable. Consequently, the loss to Broadgate sharply outweighs any to the government or public.

## CONCLUSION

Plaintiff's motion should be granted.

Respectfully Submitted this 20th day of October, 2022

/s/ *Michael E. Piston*
Michael E. Piston (P34568)
Attorney for the Plaintiff
Transnational Legal Services P.C.
1955 W. Hamlin Road, Suite 100
Rochester Hills, MI 48309
Ph: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

---

[3] If the debarment is enjoined during appeal, the debarment period would still last two years, starting upon a resolution of the appeal in the government's favor. An injunction merely prevents the government from imposing penalties upon Broadgate in the event it is determined that it was not entitled to.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BROADGATE, INC.<br><br>　　　Plaintiff(s),<br><br>v.<br><br>SECRETARY, DEPARTMENT OF LABOR<br><br>　　　Defendant(s). | Case No.<br>**2:22−cv−11593−LJM−KGA**<br>Honorable Laurie J. Michelson |

**BRIEF FORMAT CERTIFICATION FORM**

　　　I, Michael E. Piston, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A; [1]

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

/s/ *Michael E. Piston*
Dated: October 22, 2022

Case 2:22-cv-11593-LJM-KGA ECF No. 27, PageID.1093 Filed 08/29/22 Page 12 of 12