UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROADGATE, INC.,

     Plaintiff,

v.

SECRETARY,
DEPARTMENT OF LABOR,

     Defendant.

Case No. 22-11593
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
INJUNCTION PENDING AN APPEAL [23]**

---

In December 2018, an official with the Department of Labor concluded that Broadgate, Inc. violated various provisions of the H-1B visa program and imposed about $60,000 in fines and a two-year debarment (i.e., prohibition) from the program. (ECF No. 21, PageID.1899.) Since that time, Broadgate has litigated the Department's conclusions before an administrative law judge, the Department's administrative review board, and this Court. *See Broadgate, Inc. v. Sec'y, Dep't of Lab.*, No. 22-11593, 2022 WL 4491060 (E.D. Mich. Sept. 27, 2022); *In the Matter of: Administrator, Wage and Hour Division, United States Dep't of Lab. v. Broadgate, Inc.*, 2021 WL 1886273 (DOL Adm. Rev. Bd. Apr. 20, 2021). It ultimately lost on the issues raised.

Broadgate now argues that it will raise "serious questions on appeal" and asks the Court to grant it an injunction while it pursues that appeal. (ECF No. 23, PageID.1934.) For the following reasons, the Court will deny the motion.

## I.

The Court provided a comprehensive background of the relevant facts and the case's lengthy procedural history in its opinion and order on the parties' cross-motions for summary judgment. *See Broadgate*, 2022 WL 4491060, at \*2–4. For purposes of this motion, the Court adopts those facts and finds no need to repeat them.

## II.

Federal Rule of Civil Procedure 62(d) allows a district court to grant an injunction to secure a party's rights while an appeal is pending. In deciding such a motion, the court considers the same factors that are considered on a motion for preliminary injunction: (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction. *See Livingston Educ. Serv. Agency v. Becerra*, 35 F.4th 489, 491 (6th Cir. 2022); *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2904 (3d ed. 2022) (noting that the factors are the same under Rule 62 and Rule 65). "Injunctions are drastic and extraordinary orders which should not be granted as a matter of course[.]" *Brown v. City of Upper Arlington*, 637 F.3d 668, 673 (6th Cir. 2011) (internal quotation marks omitted). In this procedural posture, "the burden of meeting this standard is a heavy one," and it is more common that a movant's request will be denied. *See Grutter v. Bollinger*, 137 F. Supp. 2d 874, 876 (E.D. Mich. 2001).

## III.

### A.

As to the first factor, Broadgate maintains that it has raised "serious questions as to the merits" of its claims. (ECF No. 23, PageID.1935–1943.)

However, these "serious questions" are precisely the same arguments that were already considered and rejected by the administrative review board and this Court. *See Broadgate*, 2022 WL 4491060 at *5–11. Indeed, Broadgate does not address this Court's lengthy explanation of the nature of the presumption of regularity, the difference between a burden of production and a burden of persuasion, or the evidence that supported the reasonableness of the Department's investigation. (*See* ECF Nos. 23, 27.)

Rather than address the Court's reasoning, Broadgate misstates this Court's opinion.

For one, Broadgate says the Court "did not dispute that the District Director's authority was an 'express element' of the Department's enforcement action." (ECF No. 23, PageID.1935.) But the Court did not accept that premise of Broadgate's argument. It merely stated, "even assuming the District Director's authority was an 'express element' of the enforcement action, the Board was entitled to presume the existence of the 'elemental' fact of the District Director's authority based on the 'basic' fact of her issuing the determination letter." *Broadgate*, 2022 WL 4491060, at *8. In other words, despite Broadgate's suggestion that the Court implicitly accepted its argument, the Court did not do so because the argument was irrelevant to the

3

outcome of the opinion. And because the "express element" line of reasoning was irrelevant to the Court's opinion, it is unclear why this argument would raise "serious questions" as to the merits of Broadgate's claims. The remainder of Broadgate's arguments continue to misunderstand the difference between a burden of production and a burden of persuasion, and so they fail to raise serious questions on appeal for the reasons already explained. *Id.* at \*5–9.

For two, Broadgate asserts that the Court's conclusion that the investigation was permissible "appears to be based solely upon the finding that . . . '[t]he aggrieved party checked the box stating: 'Employer failed to pay nonimmigrant worker(s) the higher of the prevailing or actual wage.'" (ECF No. 23, PageID.1940.) In fact, the Court concluded that the investigation was permissible because the investigator requested the public-access files only *after* he received the complaint with the checked box, interviewed and collected "many megabytes" of documents from the aggrieved party, and determined that there was reasonable cause to investigate the failure to pay the wages owed. *Broadgate*, 2022 WL 4491060, at \*2, 10. And, as the investigator testified, the public-access files were necessary to determine the wages owed under the INA, putting them squarely within the permissible scope of the investigation. *Id.*

Broadgate's inability or unwillingness to address the Court's core reasoning suggests the weakness of its arguments on appeal. This factor weighs against an injunction.

4

**B.**

A party's harm is "irreparable" when it cannot be adequately compensated by money damages. *See Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002). Irreparable harm must be "both certain and immediate, rather than speculative or theoretical." *See Welch v. Brown*, 551 F. App'x 804, 812–13 (6th Cir. 2014). In weighing an alleged harm, "courts consider the substantiality of the harm, its likelihood, and the adequacy of the proof provided." *Jenkins v. Michigan Dep't of Corr.*, No. 14-1675, 2015 WL 13928757, at *2 (6th Cir. Sept. 3, 2015) (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)).

Broadgate says it will suffer two forms of irreparable harm if the injunction is denied: (1) that the denial of its pending H-1B petitions will represent a "loss to Broadgate of at least $90,000 net profits annually as well as an inestimable loss of goodwill with its clients" and (2) that sovereign immunity would prevent it from recouping the civil monetary penalty if it paid it now and was vindicated on appeal. (ECF No. 23, PageID.1943–1945.)

In order to better evaluate Broadgate's harms, in an October 14, 2022 text-only order, the Court specifically directed Broadgate to "address [its] willingness to post a bond pending appeal pursuant to Fed. R. Civ. P. 62(b); . . . explain what happened to Broadgate's H-1B workers after the October 1 deadline passed; and . . . lay out the efforts Broadgate has taken to mitigate its alleged irreparable harm since [the case was filed in] . . . July 2022."

5

But Broadgate did not comply with the Court's order. First, Broadgate neither addressed its willingness to pay a bond nor explained why a bond would not eliminate the harm posed by sovereign immunity. (*See* ECF No. 27.) So the Court does not see why paying the civil penalty would be an irreparable harm. Second, Broadgate did not explain what happened to its workers once the deadline for approval of its H-1B petitions passed. (*See id.*) So the Court cannot say that the risk of lost profits, the potential harm to Broadgate's reputation, and the loss of client goodwill is "certain and immediate[.]" *See Welch*, 551 F. App'x at 812–13. Indeed—at least according to this Court's understanding—the petitions have already been denied. So any alleged damage is already done. "[A] past harm . . . is not an adequate basis for a preliminary injunction." *See A.M.C. v. Smith*, No. 3:20-CV-00240, 2022 WL 3210809, at *11 (M.D. Tenn. Aug. 9, 2022) (citing *Gale v. O'Donohue*, 751 F. App'x 876, 885 (6th Cir. 2018)). That leaves just the lost profits. (ECF No. 27, PageID.1990.) But "a mere loss of profits generally will not qualify as irreparable harm." *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 599 (6th Cir. 2014).

Given Broadgate's failure to address the Court's inquiries, the Court finds that Broadgate has failed to show that it will suffer irreparable harm absent an injunction. *See Ohio ex rel. Celebrezze*, 812 F.2d at 290. This factor also weighs against granting an injunction.

## C.

The final two factors—the probability that granting the injunction will cause substantial harm to others and whether the public interest will be advanced by

6

issuing the injunction—merge when the Government is the opposing party. *See Slyusar v. Holder*, 740 F.3d 1068, 1074 (6th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). The Court finds that an injunction here might harm others: "if the Court were to enter injunctive relief, other [companies] would be forced to continue to [compete] against [Broadgate]. . . . [T]hese companies would be [competing] against a company that has in the past ignored the [legal] requirements placed upon it[.]" *See Interstate Safety & Serv. Co. v. City of Cleveland*, No. 1:11-1181, 2011 WL 5873108, at *2 (N.D. Ohio Nov. 18, 2011). As one court found under similar circumstances, "[t]o relieve a violator of the penalty of debarment where the sanction otherwise appears to be warranted completely undermines the intent of Congress that the sanction be strictly applied, eliminates the deterrent effect that possible debarment has on other [H-1B employers], and places [employers] who comply with the Act's wage . . . provisions at a competitive disadvantage." *See Kirchdorfer v. McLaughlin*, No. 88-0771, 1989 WL 80437, at *4 (W.D. Ky. Mar. 1, 1989). And the Court agrees with the Secretary that the public interest will not be advanced by an injunction: "Congress made clear that employers such as Broadgate that commit [willful] violations [of the INA] should not be permitted to sponsor and employ nonimmigrant workers." (ECF No. 24, PageID.1974.)

So the Court concludes that these factors also weigh against an injunction.

**IV.**

In conclusion, the relevant factors weigh against issuing an injunction. So for the reasons set forth above, the Court will DENY Broadgate's motion for injunction pending an appeal. (ECF No. 23.)

SO ORDERED.

Dated: November 2, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE